**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Wayne Braswell,<br><br>                              Plaintiff,<br><br>-v-<br><br>S.C.C.F./Riverhead County Jail,<br><br>                              Defendants. | 2:25-cv-2668<br>(NJC)(LGD) |
| Wayne Braswell,<br><br>                              Plaintiff,<br><br>-v-<br><br>Suffolk County Correctional Facility/S.C.C.F., Suffolk County District Attorney's Office, and Suffolk County's Sheriff's Department,<br><br>                              Defendants. | 2:25-cv-3638<br>(NJC)(LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Wayne Braswell ("Braswell"), acting pro se while incarcerated at the Suffolk County Correctional Facility (the "Jail"), brings two actions under 42 U.S.C. § 1983 ("Section 1983"): *Braswell v. Suffolk Cnty. Corr. Facility, et al.*, No. 2:25-cv-3638 (E.D.N.Y.) ("First Action"), and *Braswell v. S.C.C.F./Riverhead Cnty. Jail*, 2:25-cv-2668 (E.D.N.Y.) ("Second Action"). (First Action Compl., No. 2:25-cv-2668, ECF No. 1; Second Action Compl., No. 2:25-cv-3638, ECF No. 1.) Both actions challenge the conditions of Braswell's confinement while detained at the Jail. (First Action Compl.; Second Action Compl.)

For the reasons that follow, Braswell's short form motions to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 are granted and Braswell's long form IFP motion in the First Action is dismissed as moot. (First Action Short IFP Mot., No. 2:25-cv-2668, ECF No. 5; Second Action Short IFP Mot., No. 2:25-cv-3638, ECF No. 2; First Action Long IFP Mot., No. 2:25-cv-2668, ECF No. 6.) The Clerk of the Court is directed to consolidate the Second Action into the earlier-filed First Action. The First Action Complaint and the Second Action Complaint (collectively, "the Complaints") are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1) with leave to file an amended complaint in the First Action as set forth below.

## PROCEDURAL HISTORY

On May 12, 2025, Braswell filed the First Action Complaint using the Court's civil rights complaint form for actions brought pursuant to Section 1983 and naming "S.C.C.F. Riverhead County Jail" as the defendant in the complaint caption. (First Action Compl. at 1.)[1] Braswell did not pay the filing fee or file an IFP motion with the required Prisoner Litigation Authorization form ("PLA") at the time he filed the First Action Complaint. Accordingly, by Notice of Deficiency dated May 13, 2025, Braswell was instructed to either pay the filing fee or to complete and return the enclosed IFP application and PLA within fourteen days. (No. 2:25-cv-2668, ECF No. 2.) On May 23, 2025, Braswell filed a short form IFP application, a long form IFP application and a PLA. (First Action Short IFP Mot.; No. 2:25-cv-2668, First Action Long IFP Mot., ECF No. 6; PLA, No. 2:25-cv-2668, ECF No. 7.)

On June 23, 2025, Braswell filed the Second Action Complaint, again using the Court's civil rights complaint form for actions brought pursuant to Section 1983 and this time naming

---

[1] On the second page of the First Action Complaint, Braswell indicates that the defendant in the First Action is "S.C.C.F./Suffolk County." (First Action Complaint at 2.)

2

"Suffolk County Correction Facility/S.C.C.F.," the Suffolk County District Attorney's Office ("SCDAO"), and the Suffolk County Sheriff's Department ("SCSD") as defendants. (Second Action Compl. at 1.) The Court understands that the references to Defendant "S.C.C.F. Riverhead County Jail" in the First Action Complaint and "Suffolk County Correction Facility/S.C.C.F." in the Second Action Complaint are to the Jail. The Court refers to the Jail, SCDAO, and SCSD together as the "Defendants."

Braswell also filed a short form IFP application in the Second Action but failed to file the required PLA. (Second Action Short IFP Mot.) A Notice of Deficiency dated July 1, 2025 instructed Braswell to complete and return the enclosed PLA within fourteen days in order for his case to proceed. (No. 2:25-cv-3638, ECF No. 4.) Braswell did not file the PLA within the time allowed and, by Order dated August 7, 2025, the Court directed Braswell to file the PLA by August 21, 2025. (No. 2:25-cv-3638, ECF No. 9.) On August 18, 2025, Braswell timely filed the PLA. (25-cv-3638, ECF No. 10.)

## BACKGROUND[2]

The Complaints are brief. The First Action Complaint alleges that, on May 31, 2023, Braswell was involved in an "altercation" with another detainee, who was confined with Braswell "in the same bullpen" at the state courthouse and whom Braswell accuses of lying during Braswell's underlying criminal case and, as a result "had gotten me locked up." (First Action Compl. ¶ II; Second Action Compl. ¶ II.) The First Action Complaint describes an altercation with that detainee where Braswell was left with "no choice but to defend myself which resulted in me catching a few charges as well as several bruises." (*Id.*) In the space that

---

[2] Excerpts from the Complaints have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

calls for a description of any injuries claimed as a result of these events in the First Action Complaint, Braswell alleges: "I have to be evaluated based on the hardship of catching a few charges. I was placed in Kirby's Psychiatric Facility for 9 months and I've been incarcerated for over (2) yrs. Still pending cases." (First Action Compl. ¶ II.A.)

The Second Action Complaint alleges the same facts as the First Action Complaint as well as the following additional facts: (1) that Braswell was arrested on February 14, 2023 "for a drug sale (which was a lie) and possession of meth)" (Second Action Compl. ¶ II); (2) that, once he returned to the Jail, an unidentified "security" person told him "that there should have been a stay away between me and the person on my criminal case" (*id*.); (3) that, "[d]ue to the altercation and results of that situation," he "received a psychiatric evaluation" and that he has "PTSD" (*id*. ¶ II.A); and (4) that his "mental health stress has been awful." (*id*.).

As a result, Braswell seeks to recover unspecified "compensation for the hardship of pain & suffering as well as for the P.T.S.D. that occurred based on the life [-] threatening events." (*Id*. ¶ III.)

## LEGAL STANDARDS

### I.     In Forma Pauperis

Upon review of Braswell's IFP Motions, the Court finds that Braswell is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the Short Form IFP Motions (First Action Short IFP Motion; Second Action Short IFP Motion) are granted. Having granted the First Action Short IFP Motion, the Court dismisses the subsequently filed Long Form IFP Motion in the Second Action (First Action Long IFP Mot., No. 2:25-cv-2668, ECF No. 6) as moot.

4

## II. Sufficiency of the Pleadings

Where an incarcerated plaintiff is proceeding IFP, 28 U.S.C. § 1915A instructs that "[t]he court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B).[3] At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[3] The term "prisoner" is defined in this statute to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Hassan v. U.S. Fed. Deposit Ins. Corp*, No. 23-1113, 2024 WL 1132244, at *2 (2d Cir. Mar. 15, 2024) (summary order). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Hassan*, 2024 WL 1132244, at *2.

## DISCUSSION

### I. Section 1983 Claims

Braswell brings claims pursuant to Section 1983. (First Action Compl. at 1; Second Action Compl. at 1.) Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

6

    secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-cv-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (summary order) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)).

    Here, the Complaints fail to allege a plausible Section 1983 claim for three independent reasons. First, the Complaints fail to plausibly allege a deprivation of a right afforded by the U.S. Constitution. Second, Braswell has not named a proper defendant with capacity to be sued in either **of the** Complaints. Third, even liberally construing the Complaints to name Suffolk County as a defendant, the Complaints fail to plausibly allege a claim for municipal liability.

    A.  <u>Absence of a Constitutional Deprivation</u>

    The Complaints, liberally construed, appear to assert a Section 1983 claim alleging that the Defendants were deliberately indifferent to his safety on May 31, 2023, the date of the alleged assault by another detainee at the state courthouse . (First Action Compl. ¶ II; Second Action Compl. ¶ II.) As pled, such claim does not rise to a constitutional deprivation under the Fourteenth Amendment.

    Section 1983 claims alleging deliberate indifference to a detained person's serious medical need may be brought under the Eighth Amendment or Fourteenth Amendment

7

depending upon the individual's conviction status. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment."); *see also Barnes v. Harling*, 368 F. Supp. 3d 573, 596 (W.D.N.Y. 2019) ("Under current Second Circuit law, when a pretrial detainee plaintiff brings § 1983 claims alleging deliberate indifference, including claims alleging failure to protect or intervene," a district court analyzes these claims under the Fourteenth Amendment using the standard set forth in *Darnell*.).

The standard for deliberate indifference under both the Eighth and Fourteenth Amendments involves a two-pronged test that requires showing an "objective deprivation" with the requisite "mens rea," *Darnell*, 849 F.3d at 32, 35; *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). To satisfy the first prong, often framed as the "objective prong," both amendments "require[] a showing that the challenged conditions were sufficiently serious such 'that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Volant v. Nassau Cnty.*, No. 2:24-cv-7882, 2025 WL 580367, at *3 (E.D.N.Y. Feb. 23, 2025) (quoting the discussion of Eighth and Fourteenth Amendment conditions of confinement claims in *Darnell*, 849 F.3d at 30). "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Darnell*, 849 F.3d at 30 (quotation marks omitted).

As for the mens rea prong, the Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that [a prisoner] faces a substantial risk of serious harm *and* he disregards that risk by failing to take reasonable measures to abate the harm.'" *Smith v. New York State,* No. 23-cv-6601, 2024 WL 4746554, at *2 (2d Cir. Nov. 12, 2024) (summary order) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)) (emphasis in original). As such, "mere negligence will not suffice." *Id.*

By contrast, under the Fourteenth Amendment, the mens rea prong requires showing that the defendant-official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. "In other words, the . . . 'mens rea prong' . . . is defined objectively" under the Fourteenth Amendment. *Id.* However, negligence is insufficient to satisfy the mens rea component of a Fourteenth Amendment claim of deliberate indifference to a detained person's serious medical need. *Darnell*, 849 F.3d at 36 ("A detainee must prove that an official acted intentionally or recklessly, and not merely negligently.").

For a failure to protect claim in the context of violence between incarcerated individuals, as is the case here, "[a] substantial risk of serious harm can be demonstrated where there is evidence of a previous altercation between a plaintiff and an attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff to be separated from the attacker." *Gilmore v. Rivera*, No. 13-cv-6955, 2014 WL 1998227, at *3 (S.D.N.Y. May 14, 2014); *see also Ewers v. City of New York*, No. 17-cv-1116, 2021 WL 2188128, at *6 (S.D.N.Y. May 28, 2021) (granting summary judgment to defendants on the first prong of plaintiff's failure to protect

9

claims because "[p]laintiff has not provided any evidence that he and [the other detainee] engaged in prior physical altercations that should have indicated to [the officer] that there was an unreasonable risk of serious harm to plaintiff, as is required for plaintiff to succeed on his failure to protect claim"); *Stewart v. Schiro*, No. 13-cv-3613, 2015 WL 1854198, at *7 (E.D.N.Y. Apr. 22, 2015) (dismissing failure to protect claim where plaintiff had never been involved in an attack before and defendant had no reason to suspect that he would be attacked on the day of the incident).

Although Braswell does not expressly allege his conviction status in either of the Complaints, his allegation in the First Action Complaint that the charges against him are "pending" suggests that he is a pre-trial detainee. (First Action Compl. ¶ II.A.)

Here, as is readily apparent, Braswell's sparse allegations in both Complaints do not plausibly satisfy either prong of a deliberate indifference claim regardless of whether the claim is brought under the Eighth or Fourteenth Amendments. Wholly absent from the Complaints are any factual allegations from which the Court could reasonably construe that the challenged condition posed an unreasonably serious risk of harm or that Defendants had culpable intent or recklessly failed to act with reasonable care to mitigate the risk of harm. *See Darnell*, 849 F.3d at 30, 35; *Smith*, 2024 WL 4746554, at *2. Specifically, the Complaints fail to allege how the Defendants should have known that Braswell's confinement on May 31, 2025 placed him at risk of harm. The Complaints do not, for example, allege that Braswell advised the Defendants that his confinement at the bullpen with that other detainee presented him with a risk of harm. (*See generally* First Action Compl. Second Action Compl.)

Indeed, neither Complaint offers any factual allegations suggesting that the altercation at issue was anything but a surprise attack. "As a general matter, surprise attacks do not suggest

10

deliberate indifference by a corrections officer." *Murphy v. Spaulding*, No. 20-cv-9013, 2022 WL 294552, at *6 (S.D.N.Y. Feb. 1, 2022) (quoting *Jenkins v. Officer S (Downstate)*, No. 19-cv-10728, 2021 WL 4392611, at *4 (S.D.N.Y. Sept. 24, 2021)); *see also Rivera v. Royce*, No. 19-cv-10425, 2021 WL 2413396, at *8 (S.D.N.Y. June 11, 2021) ("It is well-established that prison officials cannot be deliberately indifferent to a surprise attack."); *Carrasco v. Annucci*, No. 17-CV-9643, 2020 WL 5038561, at *3 (S.D.N.Y. Aug. 26, 2020) ("Courts routinely deny deliberate indifference claims based upon surprise attacks." (citation omitted)).

Accordingly, neither the First Action Complaint nor the Second Action Complaint plausibly allege a failure to protect claim, and such s claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### B. Lack of Legal Capacity to Be Sued Under Section 1983

Braswell's Section 1983 claims necessarily fail for the additional reason that he has not named a proper defendant in either the First Action Complaint or the Second Action Complaint.

Braswell cannot sue the Jail, SCDAO, or the SCSD because these entities are administrative arms of a municipality—Suffolk County—and do not have independent legal identities. *See Harris v. Med. Unit, Yamphank*, No. 2:23-cv-6839, 2024 WL 1934448, at *3 (E.D.N.Y. May 2, 2024) (citing *Sturgis v. Suffolk County Jail*, No. 12-cv-5263, 2013 WL 245052, *2–4 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the Suffolk County Jail, among others, because it is an "administrative arm of the County of Suffolk" and "lacks the capacity to be sued").

Furthermore, Defendants are not "persons" within the meaning of Section 1983. *See DeFreitas v. Toulon*, No. 2:23-cv-5933, 2024 WL 308250, at *11 (E.D.N.Y. Jan. 26, 2024) (dismissing claims against SCDAO and SCSO, among other entities, because "[n]one of these entities are 'persons' within the meaning of Section 1983); *Curtis v. Rockland Cnty. Drug Task*

11

*Force,* No. 21-cv-4294, 2021 WL 2418466, at *1 (S.D.N.Y. June 14, 2021) (dismissing claims against "Rockland County Drug Task force" and "Rockland County Office of the Sheriff Department, [. . .] because neither a task force nor a sheriff's department qualify as a 'person' within the meaning of § 1983"); *Hester-Bey v. Police Dep't*, No. 1:12-cv-3320, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) (explaining that "Section 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws,'" and holding that, because "[t]he New York City Police Department is not a 'person' within the meaning of section 1983 [it] is therefore[ ] not a suable entity" (quoting 42 U.S.C. § 1983)); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-cv-0420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (holding that a correctional facility or jail is not a "person" within the meaning of Section 1983)).

Accordingly, the Section 1983 claims against the Jail, the SCDAO, and the SCSD in both Complaints are implausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

    A. <u>Implausible Municipal Liability Claim</u>

In light of Braswell's pro se status and in an abundance of caution, the Court also considers whether either Complaint, when liberally construed, alleges a plausible Section 1983 against the municipality, Suffolk County.

In order to prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) [the] deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a

12

governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of respondeat superior.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). Rather, a plausible claim for municipal liability requires: (1) "an 'express rule or regulation,'" of the municipality whether enacted by the municipality or a final policymaker for the municipality (2) "a practice that 'was so persistent or widespread as to [carry] the force of law,'" or (3) "misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, neither the First Action Complaint nor the Section Action Complaint alleges any facts from which this Court could reasonably construe that the challenged conditions were the product of any custom, policy, or practice of Suffolk County. (*See generally* First Action Compl.; Second Action Compl.) Thus, Braswell's claims against Suffolk County are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

## II.     State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the

13

balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023).

Here, in the absence of a plausible federal claim in either the First Action Complaint or the Second Action Complaint, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from either pleading.

### III.     Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted); *see also Hassan*, 2024 WL 1132244, at *2 (quotation marks omitted). Leave to amend should be denied where amendment of the complaint would not cure the substantive defects of the claim. *Hassan*, 2024 WL 1132244, at *2.

In an abundance of caution, Braswell is granted leave to file an amended complaint in the First Action to afford him an opportunity to allege a plausible claim. The Second Action (No. 2:25-cv-3638) will be consolidated into the First Action (No. 2:25-cv-2668) and closed. All future filings shall be made only on the First Action's docket.

If Braswell chooses to file an amended complaint, he shall: (1) do so **within thirty (30) days from the date of this Memorandum and Order**; (2) clearly label it "Amended Complaint"; (3) and include *only* the docket number of the First Action, No. 2:25-cv-2668.

In any amended complaint, Braswell must name those *individuals* who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption and in the statement of claim. If Braswell does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended

14

complaint. Further, Braswell must review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible deliberate indifference claims and *Monell* claims against Suffolk County, as discussed in Discussion Section I.C.

Braswell is cautioned that the amended complaint will completely replace, not supplement, the original Complaints, so any facts or claims that he wants to include from the original First Action Complaint and the Second Action Complaint must be repeated in the amended complaint filed in the First Action. If Braswell does not timely file an amended complaint, judgment shall be entered without further notice and both the First Action and Second Action will be closed. Alternatively, Braswell may pursue any valid claims he may have, including negligence, against any Defendant in state court.

## CONCLUSION

The Clerk of the Court is respectfully directed to consolidate the Second Action (No. 2:25-cv-3638) into the First Action (No. 2:25-cv-2668) and close docket No. 2:25-cv-3638. All future filings shall be made only on the First Action's docket.

For the foregoing reasons, the Court grants Braswell's IFP Motions (First Action Short IFP Motion, No. 2:25-cv-2668, ECF No. 5; Second Action Short IFP Motion, No. 2:25-cv-3638, ECF No. 2), dismisses as moot the additional IFP motion filed in the First Action (No. 2:25-cv-2668, ECF No. 6.), and dismisses without prejudice the First Action Complaint (No. 2:25-cv-2668, ECF No. 1) and Second Action Complaint (No. 2:25-cv-3638, ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii); 1915A(b)(1). Braswell is granted leave to file an amended complaint in the First Action **within thirty days of the date of this Memorandum and Order** in accordance with the guidance set forth above.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Braswell at his address of record in an envelope bearing the notation "Legal Mail" and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
October 15, 2025

      */s/ Nusrat J. Choudhury*
      NUSRAT J. CHOUDHURY
      United States District Judge